**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LOUIS J. WOLVERTON**, | |
| *Plaintiff,* | **Case No.  2:22-cv-02832-JDW** |
| v. | |
| **TRAVEL + LEISURE CO.**, | |
| *Defendant.* | |

## <u>MEMORANDUM</u>

One might describe the circumstances leading to Plaintiff's Motion to transfer as a comedy of errors, except there's nothing funny about it. In just the course of this case and a related matter, Plaintiff's counsel, Timothy Kolman, has done the following:

- Filed a first case, *Wolverton v. Padgett-Patterson*, No. 2:20-cv-4499-JDW, in this Court, even though the Complaint's caption read "Middle District of Pennsylvania" and the events giving rise to the case occurred in the Middle District of Pennsylvania;

- Filed this case in this Court, even though it arises from the same incident as the first case;

- Missed the Court's deadline to show cause why venue in this Court was proper;

- Sent an email to the Court claiming that an attached letter would explain his failure to meet the Court's deadline but without an attachment and then waited the weekend to provide the attachment;

- Asserts in this Motion that the caption of the Complaint sets forth venue as the Middle District of Pennsylvania, when the Complaint reads "Eastern District of Pennsylvania;" and

- Captions this Motion "Plaintiff's Motion To Transfer Matter To The United States District Court For The **Eastern District Of Pennsylvania**" (ECF No. 4 (emphasis added)), even though the whole point of the Motion is to correct the incorrect filing in this Court.

None of these, standing alone, seems like that big a deal. Together, these incidents reveal a troubling pattern of a lack of attention to detail. Even worse, an email from Mr. Kolman's paralegal to this Court's Chambers explains that he "need[s] to preserve the filing date" in this case, which suggests that he faces a potential statute of limitations bar. But Mr. Kolman does not mention that need, or any other interest of justice that would require the Court to transfer this case under 28 U.S.C. § 1406.

This is not the first case in which the Court has seen this lack of attention to detail from Mr. Kolman. To the contrary, it seems to be a recurring problem. He has missed deadlines, and the Court has seen reports of various problems in his communications with other lawyers. The Court is reluctant to penalize Mr. Wolverton due to his counsel's transgressions before the Court, so the Court will transfer this case to the Middle District of Pennsylvania. But Mr. Kolman should stand forewarned that the Court will expect more care from him in the future and will not be so forgiving, and other courts that see this opinion might have a similar view.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 12, 2022